IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL NUSS,<br><br>    Plaintiff,<br><br>vs.<br><br>UTAH ORTHOPAEDIC ASSOCIATES, P.C., and JOHNSON, RIDDLE, & MARK, LLC,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND DISMISSING CASE<br><br><br>Case No. 2:09-CV-647 TS |

This matter comes before the Court on Plaintiff's Motion for Leave to File First Amended Complaint. For the reasons discussed below, the Court will deny the Motion and dismiss this case.

I. BACKGROUND

On June 9, 2009, Nuss commenced an action against Defendants in Utah state court for violation of the Fair Debt Collection Practices Act ("FDCPA") and Utah Consumer Sales Practices Act ("UCSPA"). This case was subsequently removed to this Court on July 22, 2009.

1

Defendants Johnson Riddle & Mark ("JRM") filed an Answer on July 30, 2009. It does not appear that Plaintiff ever served this matter on Defendant Utah Orthopaedic Associates, P.C.

On February 22, 2011, JRM moved for summary judgment on all of Plaintiff's claims. Plaintiff was given until April 5, 2011, to respond to Defendants' Motion for Summary Judgment. Plaintiff failed to respond by that date but did file, without leave of the Court, an opposition on May 6, 2011.

On August 2, 2011, the Court granted Defendant's Motion for Summary Judgment. Included within that Order was an order to show cause, directing Plaintiff to show cause why this matter should not be dismissed against Defendant Utah Orthopaedic Associates, P.C. for failure to prosecute. Plaintiff now agrees that Defendant Utah Orthopaedic Associates, P.C. should be dismissed.

Plaintiff has now filed two Motions: a Motion for Leave to File First Amended Complaint and a Motion for Summary Judgment. In his Motion for Leave to File First Amended Complaint, Plaintiff seeks to add new Defendants and new claims based upon supposedly newly discovered evidence. Plaintiff also seeks summary judgment on these new claims.

## II. DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) dictates that "a party may amend its pleadings only with the opposing party's written consent or the court's leave." The Rule specifies that the "court should freely give leave when justice so requires."[1]

---

[1] Fed. R. Civ. P. 15(a).

However, the Court may refuse to grant leave to amend where it finds evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[2] The Tenth Circuit has stated that "'[l]ateness does not of itself justify the denial of the amendment.'"[3] "However, '[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time.'"[4] "The longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'"[5]

In making this determination, the Court "focuses primarily on the reasons for the delay."[6] The Tenth Circuit has "held that denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'"[7] "For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for

---

[2]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[3]*Id*. at 1205 (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)).

[4]*Id*. (quoting 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1488 (2d ed. 1990)).

[5]*Id*. (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)).

[6]*Id*. at 1206.

[7]*Id*. (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1993)).

3

some time prior to the filing of the motion to amend."[8]  "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay [] raising [an] issue until the eve of trial."[9]

The Court finds Plaintiff's undue delay necessitates a denial of his Motion.  This matter was removed to this Court on July 22, 2009, Defendant moved for summary judgment on February 22, 2011, and the Court granted summary judgment against Plaintiff on August 2, 2011.  Plaintiff waited for over two years after filing this action, six months after Defendant filed for summary judgment, and after the Court granted summary judgment against him before seeking to amend his Complaint to add new claims and new parties.

Plaintiff attempts to justify his lateness by stating that it was not until the Court issued its decision on Defendant's Motion for Summary Judgment that the facts supporting his amendment were revealed.  This is not the case.  The Court based its summary judgment ruling on the evidence presented by Defendant in support of its motion.[10]  Defendant has provided proof that Plaintiff was provided the evidence in question more than a year before Defendant filed for summary judgment.  At the very latest, Plaintiff would have had access to this evidence when Defendant filed its Motion for Summary Judgment on February 22, 2011.  Thus, the evidence

---

[8]*Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.3d 383, 387 (10th Cir. 1987).

[9]*Minter*, 451 F.3d at 1206 (quotation marks and citations omitted).

[10]As noted by the Court previously, Plaintiff provided absolutely no evidence to refute Defendant's Motion for Summary Judgment.

that allegedly supports Plaintiff's new claims was available to him well before the Court's ruling on summary judgment. The fact that the Court ultimately ruled in favor of Defendant on summary judgment did not create new facts and that ruling cannot support the current Motion. Therefore, the Court finds that Plaintiff was aware of the facts supporting his Motion for Leave to Amend prior to the filing of the Motion.

It is clear to the Court that Plaintiff's Motion for Leave to File First Amended Complaint is merely an attempt by Plaintiff to salvage a lost case and to re-argue claims upon which the Court has previously ruled. While Rule 15 states that leave to amend should be freely given, the Court finds that it is not in the interest of justice to do so here.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Leave to File First Amended Complaint (Docket No. 27) is DENIED. It is further

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 29) is DENIED AS MOOT.

The Clerk of the Court is directed to enter judgment in favor of Defendants and against Plaintiff and close this case forthwith.

DATED October 11, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge